of wages against the employer, by the assignee, evidence tending to show that the party to whom the plaintiff gave notice by mail of the assignment was the vice president and secretary of the defendant company, and testimony of its president that in his absence such party opened all the mail addressed to the company, was sufficient to establish the agency of such party to receive the notice.

3. APPEAL AND ERROR, § 1679*—*where variance between summons and statement of claim is waived.* Where it was contended on appeal by a defendant that its motion in arrest of judgment should have been sustained for the reason that there was a variance between the summons, naming as defendant certain individuals doing business as a company, and the amended statement of claim, designating the defendant as a corporation, *held* that inasmuch as the defendant entered its appearance as a corporation to the original summons and statement of claim and subsequently the plaintiff filed the amended statement of claim, designating the defendant as a corporation, to which the defendant filed an affidavit of merits, the defendant's contention was without merit.

---

## Frank Kieshkowski, Appellee, v. Harry Bostrom, Appellant.

### Gen. No. 21,371.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed December 13, 1916.

### Statement of the Case.

Action by Frank Kieshkowski, plaintiff, against Harry Bostrom, defendant, on an appeal bond. From a judgment for plaintiff, defendant appeals.

O. D. OLSON, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOHN W. SUTTON, for appellee; MARTIN L. WILBORN, of counsel.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1870*—*what constitutes a discharge of obligor in appeal bond.* In an action on an appeal bond, *held* that the plaintiff's demurrers to defendant's plea, setting out that while the appeal was pending the plaintiff agreed to and did discharge the obligation in consideration of the defendant's paying him a less amount than that of the judgment, were improperly sustained inasmuch as the defendant was not obliged to pay the plaintiff in any event until the appeal was disposed of, so that the immediate payment of a lesser sum than that of the judgment was a sufficient consideration for the release thereof.

2. APPEAL AND ERROR, § 1881*—*when plea of discharge of obligor sufficient on demurrer.* In an action on an appeal bond, obligating the defendant to pay the judgment with interest and costs in the Appellate Court if it should be affirmed, *held* that demurrers to the defendant's plea, setting out a satisfaction and discharge of the judgment pending appeal, were improperly sustained on the ground that the plea did not answer the entire declaration, since the plea fully answered the alleged breach in failing to pay the judgment, which was in reality the substance of the action.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.